UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Debra J. Reagan, <br><br> Plaintiff, <br><br> v. <br><br> US Bank National Association, et al., <br><br> Defendants. | Case No. 14-CV-59-GZS |

**MOTION BY DEFENDANTS KIMBERLY DAWSON, JILL WOSNAK,
JORGE VARGAS AND BAC HOME LOANS SERVICING
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW**

Defendants Kimberly Dawson, Jill Wosnak, Jorge Vargas and BAC Home Loans Servicing ("BAC", and collectively, the "BANA Defendants,")[1] respectfully submit this Motion to Dismiss Plaintiff's Amended Complaint dated March 24, 2014 (the "Complaint" or "Compl.") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction; Rule 12(b)(6), for failure to state a claim upon which relief can be granted; and Rule 9(b), for failure to allege fraud with requisite particularity. The Court should, therefore, dismiss the Complaint in its entirety, with prejudice.

**INTRODUCTION**

By Plaintiff's own admission, she has already litigated the precise issues raised in her Complaint all the way up to the Maine Supreme Judicial Court. At every stage she has lost (and rightly so). Plaintiff cannot now try her luck again in federal court. The *Rooker-Feldman*

---

[1] BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP, merged with and into Bank of America, N.A. ("BANA") in July 2011. BANA is therefore the entity responding to this action.

{W4267682.1}

doctrine,[2] discussed in greater detail below, bars this Court from reviewing state court decisions or issues "inextricably intertwined" with those decisions.  Accordingly, Plaintiff cannot pursue her Complaint in this Court, and the Court should dismiss it under Fed. R. Civ. P. 12(b)(1).

Furthermore, even if this Court could hear Plaintiff's case, the Complaint still fails as a matter of law under Fed. R. Civ. P. 12(b)(6).  Plaintiff's Complaint is barred by *res judicata*, fails to state any cognizable claims, and does not plead fraud with the degree of particularity required by Fed. R. Civ. P. 9(b).  For all these reasons, the Court should grant the BANA Defendants' motion and dismiss the Complaint with prejudice.

## BACKGROUND FACTS

On January 12, 2006, Reagan granted a mortgage lien (the "Mortgage") against the property at 11 Bennett Street, Sanford, ME 04073 (the "Property") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender Countrywide Home Loans, Inc. ("CHL, Inc.") and CHL, Inc.'s successors and assigns in exchange for a loan of $132,000 (the "Note"). ("Note" and "Mortgage", attached hereto as **Exhibits A and B** respectively).[3]  On October 16, 2007, MERS assigned the property to U.S. Bank National Association ("US Bank")

---

[2] The *Rooker-Feldman* doctrine is derived from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3] The Court may consider public records and documents referenced in the Complaint in connection with the instant motion to dismiss without converting this motion into one for summary judgment.  *See, e.g.*, *Schaefer v. Indymac Mortgage Servs.*, 731 F.3d 98, 100 n.1 (1st Cir. 2013) (affirming district court's consideration of mortgage document on a motion to dismiss, and stating that, "While documents not attached to the complaint are ordinarily excluded from consideration on a motion to dismiss … they may be consulted if 'the[ir] authenticity … [is] not disputed by the parties,' they are 'central to [the] plaintiff['s] claim,' or they are 'sufficiently referred to in the complaint'") (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).  Because Plaintiff refers to the Note, Mortgage, Assignments, State Court Judgment, and Law Court Decision in her Complaint, they may be considered by the Court in determining the motion to dismiss.

as Trustee for SAIL 2006-3 ("Assignment 1") who subsequently assigned the property to U.S. Bank National Association as Trustee on behalf of Sail 2006-3 Trust Fund ("Assignment 2"). (attached hereto as **Exhibits C and D** respectively.)[4] In November of 2009, after Plaintiff defaulted on her loan obligations, US Bank filed a judicial action for foreclosure in Maine District Court, Springdale Division, Case No. RE-09-385, in which Plaintiff filed Counterclaims (attached hereto as **Exhibit E**).[5] Upon U.S. Bank's showing of compliance with Maine's foreclosure law, and in the absence of any facts or evidence to the contrary from Plaintiff, the York County Superior Court (the "Trial Court") awarded judgment after trial in U.S. Bank's favor on the Complaint and against Plaintiff on her Counterclaims on January 3, 2013 (the "Judgment," attached hereto as **Exhibit F**).[6] On April 16, 2012, Plaintiff appealed the Trial Court's Judgment, and the Law Court affirmed ("Law Court Decision," attached hereto as **Exhibit G**).[7] The Law Court reiterated that US Bank had met all of the statutory foreclosure requirements, and found that the Trial Court did not abuse its discretion in denying Plaintiff's discovery requests or in denying Plaintiff's untimely demand for a jury trial. Now in an effort to further thwart US Bank's right to foreclose, Plaintiff files this ill-founded lawsuit.

## ARGUMENT

Plaintiff's Complaint amounts to an appeal from the decisions of the Maine Law Court and the trial court below, on both substantive and procedural grounds. Specifically, Plaintiff asserts that: (1) her due process right to discovery was denied by Law Court and Springvale

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

District Court; (2) her constitutional right to a jury trial was denied; (3) Countrywide Home Loans, Inc. ("Countrywide") violated the Truth in Lending Act; (4) Defendants violated the Consumer Protection Act; (5) transfer of the loan into the Trust was void; (6) the MERS assignment is invalid; and (7) US Bank lacks standing to foreclose.  None of these claims are cognizable, as a matter of law.

**I.    UNDER THE *ROOKER-FELDMAN* DOCTRINE, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.**

As a fundamental and initial matter, this Court lacks subject matter jurisdiction over Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine.  Plaintiff improperly asks this Court to overturn the Maine Law Court's affirmation of the District Court's Judgment, finding US Bank had met its statutory foreclosure requirements pursuant to 14 M.R.S. §§ 6321,6322 (2012), finding Plaintiff was not entitled to additional discovery, and finding Plaintiff was not entitled to a jury trial.  Because this Court lacks subject matter jurisdiction, the Court should dismiss Plaintiff's claims without regard to their merits (even though Plaintiff's claims have no actual merit, as explained below in Part II).

"[T]he *Rooker-Feldman* doctrine provides that federal courts, other than the Supreme Court, lack jurisdiction to review the decisions of state courts." *Picard v. Members of Employment Retirement Bd. of Providence,* 275 F.3d 139, 143 n.3 (1st Cir. 2001).  Further, as the U.S. Supreme Court explained, federal district courts may not assert jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This could not be a more apt description of Plaintiff's claims here.  Further, the *Rooker-Feldman* doctrine extends not only to issues actually presented to and decided by a state court, but any

other claims "inextricably intertwined" due to the "same nuclei of facts and legal issues presented to, and decided by" a state court. *Mills v. Harmon Law Offices, P.C.* 344 F.3d 42, 44 (1st Cir. 2003). A claim is "inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Hill v. Town of Conway,* 193 F.3d 33, 39 (1st Cir. 1999). Once the federal court determines that it lacks subject matter jurisdiction over the case at hand, "it is precluded from rendering any judgments on the merits of the case." *Christopher v. Stanley-Bostitch, Inc.,* 240 F.3d 95, 100 (1st Cir. 2001).

Here, Plaintiff's claims before this Court are undoubtedly "inextricably intertwined" with (if not identical to) the issues already decided in the state court action. The state district court, affirmed by the Maine Law Court, found that US Bank had standing to foreclose, contrary to Plaintiff's allegations both in her Counterclaims and in her instant Complaint that US Bank did not hold the note and that the assignments of her mortgage were invalid. *See* Judgment, Exhibit F; *see also* Law Court Decision, Exhibit G. The state court also dismissed Plaintiff's Counterclaims which asserted (just as Plaintiff's instant Complaint does) that signatures on the operative documents by Kimberly Dawson and Jorge Vargas were invalid or robo-signed, and that Countrywide Home Loans Inc. wrongfully denied her a loan modification. *See* Counterclaims, Exhibit E. And finally, the alleged procedural errors described in the Complaint pertaining to discovery and trial by jury were previously considered and rejected by the Law Court. *See* Law Court Decision, Exhibit G. This Court lacks the jurisdiction to do what Plaintiff asks; namely, to wipe out these state court decisions and allow her to start again. Plaintiff's claims are barred by *Rooker-Feldman* and should be dismissed under Fed. R. Civ. P. 12(b)(1).

**II.     MOREOVER, PLAINTIFF'S COMPLAINT FAILS TO STATE ANY COGNIZABLE CLAIMS FOR RELIEF OR PLEAD FRAUD WITH THE REQUISITE PARTICULARITY, AND THE COURT SHOULD DISMISS IT UNDER FED. R. CIV. P. 12(B)(6).**

Even if the Court had subject matter jurisdiction here, Fed. R. Civ. P. 12(b)(6) requires dismissal of the Complaint on two independent grounds. First, Plaintiff's claims are barred by *res judicata* (claim preclusion) based on the state court litigation in which the same claims were, or should have been, raised. Second, even under a liberal pleading standard, the allegations comprising Plaintiff's statement of claims fail to state any plausible cause of action, and fail to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

**A.     Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata*.**

Because the Law Court and Trial Court have already heard and decided Plaintiff's claims by entering judgment granting US Bank the right to foreclose, the doctrine of *res judicata*, or claim preclusion, bars Plaintiff from bringing these claims again here. Although *res judicata* is an affirmative defense, the Court may apply *res judicata* to dismiss claims pursuant to a Rule 12(b)(6) motion where "the facts that establish the defense [are] definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and "the facts so gleaned … conclusively establish the affirmative defense." *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003) (internal citations omitted).

Under 28 U.S.C. § 1738, the records or judicial proceedings of a state court "shall have the same full faith and credit in every court with the United States … as they have by law or usage in the courts of such State…." Section 1738 "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments," but "commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 481-82 (1982); *see also Greiger v. Foley Hoag LLP*

*Retirement Plan,* 521 F.3d 60, 66 (1st Cir. 2008) (holding that "[a] federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered") (citations and internal quotations omitted). Therefore, the law of Maine determines whether the prior state judgment at issue here operates as *res judicata*.

Under Maine law, "claim preclusion prevents a party from bringing any claim in a subsequent action that could have been brought in the original action." *Sebra v. Wentworth,* 2010 ME 21, ¶ 11, 990 A.2d 538, 543. The doctrine "prevents a litigant from splitting the litigant's claim and pursing it in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim that the litigant had a reasonable opportunity to argue in the prior action." *Camps Newfound/Owatonna v. Harrison,* 1998 ME 20, ¶ 12, 705 A.2d 1109, 1114 (internal quotation omitted). Claim preclusion bars claims if three elements are met: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. *See Sebra*, 2010 ME 21, ¶ 11, 990 A.2d at 543.

To determine whether a claim is precluded, Maine courts apply a transactional test that "examin[es] the aggregate of connected operative facts that can be handled together conveniently for the purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Portland Water Dist. v.. Town of Standish,* 2008 ME 23, ¶ 8, 940 A.2d 1097, 1100 (internal quotation omitted.) Further, claim preclusion applies even where the second suit[8] "relies on a

---

[8] This rule is no different when the party was a defendant in the prior lawsuit and raised, or had an opportunity to raise, its claim in the form of counterclaims. "Under principles usually analogized to res judicata, a defendant who fails to interpose a compulsory counterclaim as required by Rule 13(a) is precluded from later maintaining another action on the claim after

{W4267682.1}  7

legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case." *St. John v. Jordan,* 2008 ME 68, ¶ 5, 945 A.2d 1232, 1234.

Applying these doctrines to the instant case, there is no doubt that the requirement of prior final judgment is satisfied—the state court awarded final judgment in US Bank's favor after concluding it had met all statutory requirements necessary for foreclosure, including that there was a valid assignment from MERS to US Bank. *See* Judgment ¶ 1, Exhibit F. Further, the Law Court affirmed this judgment finding that the Trial Court did not abuse any discretion when ruling on the right to foreclosure, Plaintiff's right to discovery, and Plaintiff's request for jury trial. *See* Supreme Court Decision.

There is no legitimate doubt the first element of the claim preclusion test is satisfied as well. The parties to the prior state-court action included the current Plaintiff (as foreclosure defendant) and US Bank, and privity exists between the remaining defendants and US Bank. *See Judgment,* Caption, Exhibit F. BAC (f/k/a Countrywide Home Loans Servicing LP, now merged with and into BANA) serviced Plaintiff's loan on behalf of US Bank. Plaintiff's arguments as to why US Bank lacked standing to foreclose center largely around alleged conduct by BAC and its employees (Jill Wosnak, Kimberly Dawson, and Jorge Vargas) in that servicing capacity. Compl. ¶10. "Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, it will be a rare case in which those

---

rendition of judgment." *Efstathious v. The Aspinquid,* 2008 ME 145, ¶ 25, 956 A.2d 100, 119. The analysis of whether a counterclaim is compulsory under Me. R. Civ. P. 13(a) mirrors the transactional test otherwise used in claim preclusion determination. Courts conduct the inquiry "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding and usage." *Id.*

two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction." *R.G. Fin. Corp. v. Vergara*, 446 F.3d 178, 187 (1st Cir. 2006) (finding servicer and mortgagee to be in privity). Because the current suit involves the same parties or parties in privity with the same parties as the former proceeding, the first element of res judicata is met.

The only remaining element, then, in determining whether *res judicata* and/or issue preclusion applies to Plaintiff's instant action is whether Plaintiff asserts the same claims or issues here as were (or should have been) addressed in the prior foreclosure action; the answer is yes. The Plaintiff's Counterclaims in the prior litigation were based on a series of alleged flawed theories that amount to a claim that US Bank does not have standing to foreclose. The trial court in US Bank's prior foreclosure action against Plaintiff entered final judgment in US Bank's favor on its claims for foreclosure—and, in doing so, necessarily determined that US Bank held a valid Mortgage by Assignment from MERS. Plaintiff is precluded from pursuing her instant claims, all (or almost all) of which boil down to assertions of wrongful foreclosure. *See* Compl. ¶¶ 7-16 (asserting claims regarding a loan modification and standing to foreclose); *see also* Judgment ¶1. US Bank's right to foreclose has been litigated and decided by the Trial Court, and further affirmed by the Law Court. *See* Counterclaims, Judgment and Supreme Court Decision. To the extent that Plaintiff wishes to make any additional arguments concerning the right to foreclose that she did not make in the prior litigation, she had every opportunity to do so and may not use that as a basis for re-litigating matters already resolved by final judgment, especially when the subsequent claims rely on facts or issues decided (whether specifically or implicitly) in the prior judgment. The Court should, for these reasons, bar all claims by res judicata and dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6).

> **B. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted under Rule 12(b)(6), or Satisfy the Heightened Pleading Requirement of Rule 9(b).**

Even if Plaintiff's Complaint was not precluded, it fails as a matter of law because it relies improperly on conclusory allegations that do not form any plausible basis for recovery. Also, to the extent Plaintiff's claims rely on allegations of fraud, they fail to meet the heightened pleading standard for fraud, which requires Plaintiff to state with particularity the time, place, and contents of each alleged fraudulent misrepresentation, as well as how Plaintiff reasonably relied on the misrepresentation to her detriment. Accordingly, if this Court reaches the merits of Plaintiff's Complaint, it should dismiss the Complaint under Rules 12(b)(6) and/or 9(b).

In evaluating the sufficiency of a pleading under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To comply with Rule 8 and survive a motion to dismiss under Rule 12, a claim "must contain sufficient factual matter … to state a claim for relief that is plausible on its face." *Id.* Although not held to a "probability requirement," the plaintiff must still plead more than a "sheer possibility that a defendant acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that only pleads facts that are "merely consistent with" liability fails to cross the line from "possibility" to "plausibility." *Id.*

Federal Rule of Civil Procedure 9(b) further requires that the complainant "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "It is well settled that Rule 9 'requires specification of the time, place, and content of an alleged false

representation.'" *Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir. 1984) (quoting *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir. 1980)). Plaintiff's Complaint does not meet these standards.

### 1. Plaintiff's Claim for Violation of the Truth in Lending Act and Land Record Fraud Is Time Barred.

Plaintiff's claim for violation of Truth in Lending Act is barred by the statute of limitations because Plaintiff did not file the Complaint until March 26, 2014. Under the Maine Truth in Lending Act, any claim for violation of the statute must be brought within one year from the date of the occurrence of the violation. *See* 9-A M.R.S. § 8-505(5) (providing a civil remedy for violations of the statute "as provided for in the Federal Consumer Credit Protection Act, 15 United States Code, Section 1640"); *see also* 15 U.S.C. § 1640(e) (providing that "any action under this section may be brought … within one year from the date of the occurrence of the violation"). Plaintiff's Truth in Lending Act claim is predicated on alleged conduct in January 2006. Compl. ¶ 8. The statute of limitations therefore expired in January 2007, nearly seven years before the filing of this Complaint.

### 2. Plaintiff Does Not and Cannot Plead a Cognizable Claim for Violation of the Federal Trade Commission Act.

Plaintiff purports to assert a cause of action for violation of "Section 5 of the Federal Trade Commission Act when [Countrywide] told me that I had to be 90 days in arrears to qualify for a loan modification under HAMP." Compl. ¶ 7. However, the Federal Trade Commission Act[9] does not provide a private right of action. *See, e.g., Liu v. Amerco*, 677 F.3d 489 (1st Cir.

---

[9] Even if Plaintiff's claim were to be construed as a claim under the Maine Unfair Trade Practices Act, financial institutions such as Countrywide are exempt from Title 5 of Maine's UTPA. *See* Me. Rev. Stat. tit. 9-B, § 244 ("A financial institution authorized to do business in this State or credit union authorized to do business in this State subject to the provisions of this chapter is exempt from the provisions of Title 5, chapter 10."). "The Maine legislature has

{W4267682.1} 11

2012) ("[T]he FTC Act contains no private right of action."). Even if it did, Plaintiff's Complaint does not even allege that Countrywide's statement was a misrepresentation, let alone an unfair or deceptive one.

### 3. Plaintiff Does Not and Can Not State A Cognizable Claim Under the Consumer Protection Act Because There Is No Private Right of Action Under HAMP.

To the extent that Plaintiff's Federal Trade Commission Act and Consumer Protection Act claims are premised upon the Countrywide's failure to offer Plaintiff a HAMP loan modification, these claims fail because the Plaintiff has no private right of action under HAMP. Although Maine courts have not yet spoken on this issue, "a majority of federal courts have determined [that] there is no private right of action under HAMP." *McBride v. Am. Home Mortg. Servicing Inc.*, No. 11-10998-RWZ, 2012 WL 931247, at * 3 (D. Mass. March 19, 2012). "Nor are plaintiffs entitled to sue as third-party beneficiaries of the bank's [HAMP-based Servicer Participation Agreements] with the government." *Id.* Plaintiff's attempt to cast her HAMP claim as a violation of the Federal Trade Commission Act and/or violation of the Consumer Protection Act is merely an end-run around the lack of a private right of action under HAMP, and should not be permitted. *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116-17 (11th Cir. 2012). Therefore, to the extent the Federal Trade Commission Act and Consumer Protection Act claims are merely poorly disguised HAMP claims, they are not actionable, and the Court should dismiss both with prejudice.

### 4. Plaintiff Does Not and Cannot Plead a Cognizable Claim for Fraud.

As an initial matter, the Maine general statute of limitations provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards."

---

specifically exempted financial institutions … from the coverage of the UTPA." *Shapiro v. Haenn*, 190 F. Supp. 2d 64, 69 (D. Me. 2002).

14 M.R.S. § 752.  Here, the allegedly "robo-signed" assignment of mortgage is dated October 16, 2007, such that the statute of limitations expired on October 16, 2013.  Compl. ¶¶ 10, 12.  Plaintiff's "Land Record Fraud" claim is therefore time-barred either under 9-A M.R.S. § 8-208(5) or 14 M.R.S. § 752, and the Court should dismiss it with prejudice.

Even if not time-barred, Plaintiff's claim does not (and cannot) allege facts sufficient to meet the heightened pleading standard of M.R. Civ. P. 9(b).  To plead a viable claim for fraud, a plaintiff must make particularized allegations that the defendant (1) made a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purpose of inducing reliance; and (5) which did in fact cause justifiable reliance.  *See Picher v. Roman Catholic Bishop of Portland*, 2013 ME 99, ¶ 2, 82 A.3d 101, 102; *Barr v. Dyke*, 2012 ME 108, ¶ 16, 49 A.3d 1280, 1286-87.

Here, the Plaintiff's fraud claim relies on the bald assertion that Bank of America and Jorge Vargas committed fraud through robo-signing.  Compl. ¶10.  This claim provides no factual support. Moreover, the Plaintiff does not allege Bank of America made a misrepresentation with the ***purpose*** of inducing the Plaintiff to act upon it to her detriment

Finally, even if Plaintiff somehow could meet the requirement for demonstrating fraudulent intent by Bank of America, this claim still fails because the Plaintiff alleges no facts—much less particularized facts—showing that she reasonably relied on the Bank's misrepresentation ***to her economic detriment***.  *See Jourdain v. Dineen*, 527 A.2d 1304, 1307 (Me. 1987) ("[P]ecuniary loss is an essential element of a fraud action and … damages for emotional and mental pain and suffering are not recoverable.").  Indeed, nothing in the Complaint indicates that Plaintiff "relied" on the signatures in the assignments of her mortgage at all, let alone that her reliance on those specific signatures caused her pecuniary damages.  The

Court should accordingly dismiss Plaintiff's "Land Record Fraud" claim for failure to state a cognizable cause of action.

> 5. **Plaintiff Does Not Have Standing to Challenge the Transfer of Her Loan Into the Trust.**

Plaintiff's assertions that Bank of America untimely transferred her loan into the trust at issue hold no legal water. Compl. ¶¶ 12, 13. Even if her allegations were true, it would be the *trust's* place, not that of a third-party borrower such as Plaintiff, to assert the trust's contract rights and (if it so desired) cancel the transfer. It is well-established that a plaintiff that is a non-party to a contract has no standing to sue for violations of said contract. *See F.O. Bailey Co. v. Ledgewood, Inc.,* 603 A.2d 466, 468 (Me. 1992) (noting that an incidental beneficiary to a contract has not standing to enforce third party beneficiary rights). In the context of mortgage assignments and transfers in particular, it is the law in the First Circuit that a borrower lacks standing to challenge an assignment on grounds that would render the assignment merely voidable, as opposed to void, and that the type of challenges raised by Plaintiff here are barred. *See Wilson v. HSBC Mortgage Servs., Inc.*, 744 F.3d 1, 14 (1st Cir. 2014) (holding that "the bare allegation of 'robo-signing' does nothing to undermine the validity of the 2009 Assignment" and that the plaintiff therefore lacked standing to challenge the validity of the assignment); *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) ("claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing"); *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013) ("a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title").

That is the settled rule in numerous jurisdictions across the country as well. *See Bleavins v. Demarest*, 196 Cal. App. 4th 1533, 1542, 127 Cal. Rptr. 3d 580 (2011) ("Someone who is not a party to a contract has no standing to challenge the performance of the contract….") (internal quotation marks and alterations omitted); *see also Velasco v. Sec. Nat'l Mortg. Co.*, No. 10–00239 DAE KSC, 2011 WL 4899935, at *4 (D. Haw. Oct. 14, 2011) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of the Assignment."); *Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that a plaintiff who was not and is not a party to any assignments or pooling and servicing agreement at issue "lacks standing to challenge their validity or the parties' compliance with those contracts"); *Juarez v. U.S. Bank Nat. Ass'n*, No. 11–10318–DJC, 2011 WL 5330465, at *4 (D. Mass. Nov. 4, 2011) (holding that a mortgagor does not have standing to challenge a foreclosure on the basis of the non-compliance of an assignment with the provisions of the PSA). Here, Plaintiff does not (and cannot) allege that she was a party, or even a third-party beneficiary, to the trust agreement. Accordingly, she has no standing to enforce it or to challenge the transfer of her loan into the trust governed by it, and her claims based on that factual predicate must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant BANA Defendants' motion and dismiss Plaintiff's Complaint with prejudice pursuant to the *Rooker-Feldman* doctrine, Fed. R. Civ. P. 12(b)(1), and/or 12(b)(6).

Dated: May 15, 2014

/s/ Mark E. Porada

Mark E. Porada, Esq.
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
Tel: 207-791-1108
e-mail: mporada@pierceatwood.com

**ATTORNEY FOR DEFENDANTS KIMBERLY DAWSON, JILL WOSNAK, JORGE VARGAS AND BAC HOME LOANS SERVICING**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of this document to be filed through the Court's ECF system on May 15, 2014, that will cause notice to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark E. Porada

Mark E. Porada