# UNITED STATES DISTRICT COURT DISTRICT OF MAINE

|  |  |
|---|---|
| Debra J. Reagan,<br>Plaintiff,<br><br>v.<br><br>US Bank National<br>Association, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 2:14-cv-00059-GZS |

## OBJECTION TO DEFENDANTS' MOTION TO DISMISS FILED ON 05/15/14

Now comes Debra J. Reagan, plaintiff, with this OBJECTION TO DEFENANTS' MOTION TO DISMISS ON 05/15/14.

**In the defendants introduction section** the defendants attorney states that this plaintiff has already litigated the precise issues being raised in this claim up to and through the Maine Supreme Court and cannot now get another chance to do so at the Federal Court level and states Rooker-Feldman doctrine as a memorandum of law to back up this statement. This would apply IF that was all this plaintiff was trying to accomplish. But that is not the case here. In this case, this plaintiff is raising legitimate Constitutional and federal law violations/questions that occurred during the whole litigation of the foreclosure case conducted in the Maine state courts. This court is the proper venue to go to, to address such violations/questions as stated in the Pro Se Litigant Information Handbook[1] provided by this court on this court's website and by 28 U.S.C. § 1331[2].

---

[1] **Excerpt:** The United States District Court for the District of Maine is a federal court.

Federal courts only have jurisdiction, or legal authority, to hear certain types of

cases. As is the case in all federal courts, this Court is generally authorized to hear

When state courts violate a party's due process of law, constitutional rights and also violates federal laws which have been adopted and enacted as state laws or are not addressed in any state laws at all which makes the federal laws in effect, then there must be an avenue of redress of these grievances. And to state that just because the very issues that are the reason and cause of these violations were addressed in the state courts which violated due process of law, the Constitution and federal laws, is the reason it can't be redressed in federal court is ludicrous[3]. That's why this federal court is here! When there is any question of constitutional rights and federal laws violations, no matter who committed them, the proper venue to hear them is the US District Courts. This plaintiff is not asking this court to review the state of Maine's courts decisions to re-litigate the issues. This plaintiff is asking for this court to decide if in the state courts deciding the foreclosure case, this plaintiff's due process of law, constitutional rights and federal laws were violated during the process[4]. And to accomplish this, the very issues that were previously addressed in the state courts have to be reviewed. Since this is the case, *res judicata* does not apply because if the courts are the very ones who committed these violations, they (and the opposing parties who benefitted from the courts decisions) then can't benefit from doing so

---

disputes that fall into the following four categories:

1. Those that deal with a question involving the United States Constitution.

2. Those that involve questions of federal law.

3. Those that involve the United States as a party, whether as a plaintiff or

defendant; and

4. Those that involve a dispute among residents of different states with an

amount in controversy exceeding $75,000, which is considered diversity of

citizenship.

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[3] Judicial power exists and federal jurisdiction can be invoked to redress or otherwise to protect against injury to the complaining party. <u>Warth v. Seldin</u>, 422 U.S. 490, 499, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975), quoting Linda R.S. v. Richard D., 410 U.S. 614, 617, 35 L. Ed. 2d 536, 93 S. Ct. 1146 (1973)

[4] Bryers v United States 273USR 28: "Constitutional provisions, where the security of a person and property are to be liberally construed, and it is the duty of the courts to be watchful for the Constitutional Rights of the Citizen and against any stealth encroachments therein.

by barring the person who was violated from seeking redress in another higher court of law of the very issues that the violating court(s) wrongly judged on and committed[5]. Since the ***Rooker-Feldman*** doctrine is meant to prevent unnecessary re-litigation of cases and not meant to bar legitimate questions of violations of due process of law, constitutional rights and of federal laws, it does not apply in this case. And since this court is the proper venue and has jurisdiction and can address these violations, Fed. Rule of Civil Procedure 12(b)(6) does not apply since relief can be granted by this court.

Also, when considering a 12(b)(6) motion, the burden of proof on such a motion is on the party making it and the court must presume that all the allegations of the complaint are true; it resolves all doubts or inferences in the plaintiff's favor; and it reads the complaint in the light most favorable to the plaintiff.  All reasonable inferences must be construed in favor of the non-moving party, and a complaint should not be dismissed unless the movant can establish <u>beyond any doubt</u> that the claimant could prove no set of facts whatever in support of his claim.

This plaintiff has made many claims to show that this court can provide relief. And since some of these claims are partly based on denial of initial discovery in the state courts, it would be more appropriate to decide the issues after some discovery has been taken as it is reasonable to conclude that the discovery materials initially denied this plaintiff could possibly prove the facts of her claims.

This plaintiff has definitely and clearly identified her claims against the defendants.

1) They violated my due process of law right to discovery.

2) My Constitutional rights of equal protection and equal justice under the law was denied

3) My constitutional right to a trial by jury was denied

4) My constitutional right to a fair and impartial trial and hearing of my counterclaim was denied due to the denial of initial discovery

---

[5] Fehlhaber v. Fehlhaber, 681 F 2d. 1015 (cert denied 104 S.Ct. 79, 78 (1983) states: "If a state court judgment is subject to collateral attack in the state that rendered it, the judgment may be collaterally attacked in federal court."

5) There was a violation of the Federal Trade Commission Act due to an inducement of default upon this plaintiff by the original lender

6) There was a violation of the Truth In Lending Act by predatory/subprime lending by the original lender

7) There was a violation of the Consumer Protection Act by wrongly denying this plaintiff a re-modification under HAMP as directed to do so by the federal government

8) There was a violation of the Consumer Protection Act by robo-signing (which is forgery, a form of fraud) and/or committed Land Record Fraud by the defendants

9) MERS misrepresented themselves in the Assignment of Mortgage to US Bank which caused the York County of Register of Deeds to list them as the "mortgagee" which cause Land Record Fraud

10) There were several violations of the 2006-3 Trust Fund's Prospectus and Supplement Agreement which violated that contract's timeline to receive mortgage documents, federal IRC (REMIC tax law) laws and the UCC which made the transfer of these documents void. Thus making the ownership of these documents by US Bank null and void and have no standing to bring a foreclosure suit.

11) Since the transfer of the documents and ownership by the trust fund is void and due to the fact that the trust fund was possibly paid by several default insurances, the defendants did not suffer any injury which is needed, to be able to meet the 3 required elements of the definition of standing as defined by the US Supreme Court

12) And because the transfer of the mortgage documents were never properly effectuated and ownership by the trust fund is void and could not have standing , US Bank as trustee and Bank of America as servicer could not bring suit thus the court(s) did not have subject jurisdiction to hear the case which presented a claim upon which relief could not be granted and they are unable to meet a 2nd required element of the definition of standing as defined by the US Supreme Court

These are definitely cognizable claims which are within the jurisdiction of this court to hear so this satisfies F.R.O.P. 12(b)(1).

The defendants statement " At every stage she has lost (and rightly so)." is incorrect for one (but not limited to this one reason only) of the most basic and important reasons, the state courts never had subject matter jurisdiction because at the commencement of litigation, the "accurate copy" of the promissory note filed by US Bank named Countrywide as the lender was not endorsed; there was no allonge; there were no delivery or acceptance receipts and there was no endorsement in blank, to show negotiation. The note clearly showed that the Countrywide was the owner of the note as there was no endorsement at all, in blank or otherwise. This not only violates both Maine state foreclosure law[6] and federal UCC laws that state the note must be endorsed[7], but it also has been ruled by the Maine State Supreme Court that at the commencement of litigation, that all endorsements must be included in the original complaint[8]. This clearly raises a cognizable claim of constitutional and federal violations as enumerated in this plaintiff's complaint that gives this court jurisdiction and is clearly a fact to be decided by a jury.

As to the defendants statement that this plaintiff has not plead fraud with any particularity, this plaintiff suggests that stating that signatures are forged by robo-signers by Jill Wosnak, Kimberly Dawson, Jorge Vargas, Maria Ramos and David A. Spector, that there is Land Record Fraud by submitting these forged documents and misrepresentation of mortgagee status in court and the York County Register of Deeds Office, that there is fraud of inducement of default by Countrywide/Bank of America, and that there are other fraudulent documents being submitted in

---

[6] **M.R.S. Title 14 §6321:** The mortgagee shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage.

[7] U.C.C. - ARTICLE 3 - NEGOTIABLE INSTRUMENTS PART 2. NEGOTIATION, TRANSFER, AND INDORSEMENT

[8] **HSBC Mortgage Services, Inc v. Murphy** (court found the affiant's affidavit untrustworthy in part because there was no endorsement on the face of, or appended to, the copy of the promissory note attached to the affidavit or complaint at the commencement of litigation, **Wells Fargo Bank v. deBree** (court ruled that "a mortgage holder must include supporting evidence to properly show proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage and found that the bank did not provide evidence that it owned the deBree note and mortgage due to no endorsement and proper assignments being provided)

court and in the Registry of Deeds Office by the defendants, is being quite particular in description of the fraud. As the defendants mentioned in Footnote #3 in their answer to this complaint, the court can consider documentation which were referred to by this plaintiff in my complaint. This was done by not only stating the particular documents and rulings mentioned by the defendant in their motion to dismiss (that were referred to by this plaintiff in her complaint), but also by stating <u>that my claims</u> (which included the same fraud claims outlined in my complaint as the defendant so adamantly points out in saying that I'm allegedly trying to re-litigate the same precise issues as I did in the state courts) were presented to the Springvale District Court, the York County Superior Court and the State of Maine Supreme Court. These claims can be considered if more particularity of the fraud is needed as not only is it sufficiently referred to in my complaint under Section VI(1)(2)[9] but is also central to this plaintiff's claims of fraud, thus meeting the requirements of Fed. Rule Civil Procedure 9(b).

Also, this plaintiff points out that the Pro Se Litigant complaint form states under section II. STATEMENT OF CLAIM(S) to "<u>State briefly</u> the facts of your claim"[10]. This plaintiff did so and should not be punished by this court granting a dismal of her complaint due to not further describing the claims of fraud for following the rules as stated in the complaint form. I did refer to my claims that were filed in the state courts which do further explain the frauds with particularity in my complaint which the court can consider.


**<u>In the defendants background section</u>** the defendants attorney states that this plaintiff granted a mortgage lien (the ―Mortgage‖) against the property at 11 Bennett Street, Sanford, ME 04073 (the ―Property‖) <u>to Mortgage Electronic Registration Systems, Inc.</u> (―MERS‖) as nominee for lender Countrywide Home Loans, Inc. (―CHL, Inc‖) and CHL, Inc.'s successors and assigns. This is incorrect. This plaintiff granted a mortgage lien to Countrywide Home Loans, Inc, NOT MERS. The note also states Countrywide Home Loans, Inc as the party with whom this plaintiff contracted with and MERS is not even listed on this note. This fact further disproves the defendants claim that it was MERS I granted the mortgage lien to, as the party to

---

[9] See plaintiff's filed complaint form Pg. #6

[10] See plaintiff's filed complaint form Pg. #3

the note that is secured by that very mortgage lien is not MERS, its Countrywide, who is the lender. So it only makes logical and reasonable sense that the mortgage lien which secures the note would be granted to the party of that note, the lender who is Countrywide. Defendants own exhibit proves this claim. In Exhibit B, Pg 3 of 19, Para. D it states that Countrywide is the lender and to whom the loan is owed to. On Page 4 of this exhibit, there is a section title "Borrower's Transfer TO LENDER of Rights of Property. In this section, it is to the LENDER that I grant the rights known as "Mortgage Covenants" to protect the LENDER from possible losses. MERS is solely a NOMINEE, not the LENDER and the LENDER is referred to as the beneficiary of the mortgage deed. Since MERS has no equitable interest in the note and is only the NOMINEE for the lender and is (as stated in Exhibit B, Pg 3, Para C) only the MORTGAGEE OF RECORD, the State of Maine has ruled in *MERS v. Saunders* that MERS is not a "mortgagee" as defined in **14 MRS 6321-6325**. It also states that MERS only right under the contract was to record the assignments and <u>was solely a nominee and that its designation as mortgagee of record does not change or expand that right</u>. This defendant's mortgage contract also states the same thing as the Saunders mortgage contract. Since the Maine Supreme Court finds that MERS has no interest in the note and did not own or hold the mortgage and MERS only right was to RECORD assignments of the mortgage, MERS does not have the right to TRANSFER assignments, only RECORD it. In this Maine State Supreme Court ruling, the court strips MERS of any authority under the mortgage contract except for the limited right to be the mortgagee of record. Since the state court ruled that MERS has no authority to be anything more than a mortgagee of record, then they have no authority of the rights of the LENDER to include assigning mortgages and transferring interest in a note. Which is what the defendant's Exhibits A-D clearly shows this plaintiff's claims in this section state did occur. This also shows that one of this plaintiff's claims of Constitutional rights violations by the state court of not being afforded equal justice and equal protection under the law because of inconsistent rulings definitely has merit. This clearly raises a cognizable claim of a Constitutional/Federal question that gives this court jurisdiction and is clearly a fact to be decided by a jury. And just because the defendants disagree that this is what occurs, doesn't mean that it didn't. Despite defendants statement that this plaintiff is trying to thwart their right to foreclose, this plaintiff is exercising her right to redress of questions of constitutional and federal law violations committed by the defendants and the Maine state courts and is not ill-founded.

**In the defendants argument section** the defendants' attorney states that this plaintiff's claim amounts to an appeal of the Maine State courts' decisions and then lists the constitutional and federal assertions that this plaintiff enumerates in her complaint. Then states that these constitutional and federal claims are not cognizable as a matter of law. As stated above, this court exists to address exactly what is claimed in my complaint, constitutional and federal law questions of violations. And to raise these kinds of questions, this plaintiff has to show how my constitutional rights or federal laws were violated which means restating what happened to cause these violations. Again, this plaintiff is not re-litigating the previous foreclosure case brought by US Bank, but is bringing forth questions that my constitutional rights (including due process rights) and federal laws were violated during litigation of that case. So the ***Rooker-Feldman doctrine*** and ***res judicata*** does not apply and since this complaint raises constitutional/federal law questions, this court has jurisdiction to hear it (See footnotes 1-5).

And since there is an issue of whether the Maine state courts even had subject matter jurisdiction due to an un-endorsed promissory note which was filed at the commencement of litigation, their decisions and rulings are unconstitutional and void, if this is true. To bar this plaintiff from being able to bring forth this question to a federal court which exists for this very purpose, because the issues brought forth before the lower courts are the very issues as to why their rulings are void and that they made their decisions/rulings which are final, is ludicrous. The courts' rulings are the very reason for the constitutional questions! If they didn't have jurisdiction to hear the case, their rulings can't be used to say that they are why this court can't hear this complaint. And if the courts' rulings violated this plaintiff's constitutional rights and/or federal laws, then the proper venue is a federal court which can hear these issues whether they be the very issues deliberated on by the state courts or inextricably intertwined with those issues. This plaintiff's claim does not just address that the state court wrongly decided the issues before it, but raises constitutional and federal law questions as to those courts' not having jurisdiction to hear it and in the process of doing so, violated due process of law, constitutional rights and federal laws.

Again, under section II of defendants' argument, *res judicata* does not apply as state for the reasons above. Also, as the reasons stated above, the frauds addressed in this plaintiff's complaint were "briefly stated" as directed by the Pro Se Litigation Complaint form and the more detailed particulars in my claims filed in the state courts was referred to in this plaintiff's

complaint which this court can consider. If this court finds that either it can't refer to these documents, or that these documents (and this answer) do not state fraud with sufficient particularity, then this plaintiff asks this court to grant her request stated in her motion filed May, 16, 2014 (#37 on the docket sheet) for leave of court to amend her complaint to address the insufficiencies[11].

Also, when there are questions as to whether or not the state courts even had jurisdiction to hear the case before it and that these courts violated not only their own state laws but also federal and constitutional laws/rights in hearing the case, this federal court can't give these state courts' judgments the same preclusive effect as would be given those judgments under the law of the state in which the judgment was entered of which they have violated (See footnote #5).

As to "claim preclusion", if this plaintiff was re-litigating the foreclosure case solely to address the wrongness of the state courts decisions, this would apply. But as stated above, this plaintiff's complaint raises the constitutionality of the due process of law, questions of constitutional rights and federal laws violations and these courts' lack of jurisdiction. To do so, this plaintiff not only has to show this court how these violations occurred in the state courts by stating what the issues were that caused these violations, but this plaintiff also has the right to bring up new issues to back up the claims in her complaint as this is not a re-litigation of the foreclosure case but a new case which brings up federal issues that weren't addressed at the state level because state issues, not federal issues were addressed, and which is needed to evoke this federal court's jurisdiction. To be barred from bringing up these federal issues in a federal court because they weren't brought up at the state level, and yet still argue that state courts follows STATE laws and federal courts are to accept the rules chosen by the State from which the judgment is taken, amounts to saying that "we don't have to follow federal laws because state laws take precedent, but if you don't argue federal laws here, you can't then argue them in federal court either" and thus would take away a party's right to bring forth a complaint raising federal law issues in a federal court. This is nothing more but a blatant attempt to run around the rights of a party to invoke federal jurisdiction to redress or otherwise to protect against injury to the that complaining party (see

---

[11] Platsky V. C.I.A. 953 F. 2d. 25 additionally. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynolds V. Shillinger 907 F. 124,126 (10th cir. 1990) See also Jaxon V. Circle K Corp. 773.F.2d.1138,1140 ( 10th cir. 1985) (1)

footnote #3), no matter who may be the violating party. And the fact that this plaintiff was denied not <u>additional</u> discovery, but <u>court ordered initial</u> discovery[12] that was totally allowed under both state and federal rules of procedure to be able to properly present her counterclaim, the facts/issues/claims brought up in that counterclaim weren't able to be properly addressed/litigated. The state courts violated this plaintiff's constitutional right to due process of law and thus, the defendants can't now benefit from this unconstitutional action by saying that the claims/issues in the counterclaim were already brought up and ruled upon in the state courts that did the violation. So in determining whether *res judicata* and/or issue of preclusion applies to this Plaintiff's instant action is whether this Plaintiff asserts the same claims or issues here as were (or should have been) addressed in the prior foreclosure action; the answer is no it does not, for all the above reasons stated. And the trial court's decisions, since there are constitutional and federal law questions to their validity, can't be used as a basis of legitimacy of the defendants' ownership of this plaintiff's mortgage and right to foreclose and why this plaintiff can't invoke this court jurisdiction to address these decisions' validity.

As to this plaintiff's complaint failing as a matter of law because it relies improperly on conclusory allegations that do not form any plausible basis for recovery, this is untrue and a matter for a jury to decide. It is only the opinion of the defendants that this complaint relies improperly on conclusory allegations and this court must when considering a 12(b)(6) motion, presume that all the allegations of the complaint are true; it resolves all doubts or inferences in the plaintiff's favor; and it reads the complaint in the light most favorable to the plaintiff. All reasonable inferences must be construed in favor of the non-moving party, and a complaint should not be dismissed unless the movant can establish <u>beyond any doubt</u> that the claimant could prove no set of facts whatever in support of her claim. This plaintiff has given more than enough evidence/facts to give reasonable inference that I can prove the facts of my complaint not only through evidence already entered in the state courts and here, but also through other evidence through discovery (that has been wrongly denied this plaintiff throughout the state courts cases) yet to be given. And in proving these facts to a jury, it will definitely give a plausible basis for relief from this court.

---

[12] See Exhibit #1

As to stating fraud with particularity, this has been addressed above.

As to this Plaintiff's claim for violation of Truth in Lending Act is barred by the statute of limitations because Plaintiff did not file the Complaint until March 26, 2014, which is beyond 1 year, is not completely true due to the application of discovery rule. This plaintiff sent a copy of my loan documents to a document analytic company on March 27, 2012. The fact that this company said I could benefit from their services (via e-mail[13]) due to their observations of my documents and that I should get a Foreclosure Forensic report done on my documents for robo-signing, and after several phone conversations with this company over the summer, alerted this plaintiff to do some further research on her own about my loan documents. In my research I found out in the beginning of December 2012 about loan origination frauds through the National Mortgage Settlement done on February 9, 2012 (http://www.justice.gov/opa/opa_mortgage-service.htm). Because of this I suspected loan origination fraud in my loan documents and I motioned the trial court to reconvene on December 4, 2012[14] since the trial was not yet completed (it was after the court appearance but before our written final arguments were submitted) due to new evidence found. And since I was denied this by Justice Fritzsche, I couldn't bring it up on appeal. I even mentioned in my closing argument that "A forensic auditor will have to be hired to sort this mess out". Since then I have been diligently researching and have finally found and contacted a trusted company who does an audit analysis of loan documentation that I could afford. A preliminary analysis and a full audit will be conducted in June. Due to the fact that I was denied bringing forth new evidence at trial and couldn't raise it on appeal, thus not able to make a legal complaint before the statute of limitations had run out because I had to wait until the Maine Supreme Court had heard my appeal and the first chance to bring forth this new evidence is my filed complaint which was done as soon as this plaintiff could do so, and that I have been due diligently trying to find a way to get an audit done to prove the TILA fraud and bring forth the TILA fraud as soon as I legally could do so, the application of the discovery rule applies. The discovery rule allows the statute of limitations to begin at the moment of discovery, rather than the moment of the crime. As a side note here, this plaintiff wishes to point out that this fraud would have been discovered much earlier and would have been

---

[13] See Exhibit #2

[14] See Exhibit #3

addressed during the foreclosure trial, had the defendants follow the court order from Judge Michael P. Cantara in the Springvale District Court ordering them to provide this plaintiffs discovery requests in a timely manner <u>before trial</u> which they never provided and was then wrongly denied by Justice Fritzsche <u>at trial</u> which violates both MCRP Rule 26 and FROP Rule 26. This plaintiff suggests that one of the reasons the defendants refused this plaintiff discovery and even went so far as to disregard a court order to provide the requested discovery, was to hide this very fact of TILA fraud (and other frauds) from being discovered by this plaintiff.

The defendants state the Federal Trade Commission Act does not provide a private right of action. They also state that under the Maine Unfair Trade Practices Act, financial institutions such as Countrywide are exempt from Title 5 of Maine's UTPA. Yet, the unfair/deceptive practice of inducement of default (which is fraud), harmed this plaintiff. And to say that this plaintiff has no avenue either by the state courts or the federal courts to redress this harm violates my constitutional right to redress or otherwise to protect myself against injury (See footnote #3)(and this is yet another example of a constitutional question which states a cognizable claim for this court). And yes this plaintiff did state that it was a misrepresentation/unfair or deceptive practice by saying "and induced default of my loan", the last part of the statement quoted by the defendants that was conveniently left out of the quote.

Defendants state that Plaintiff's Federal Trade Commission Act and Consumer Protection Act claims are premised upon the <u>Countrywide's failure to offer</u> a HAMP loan, which is not true.

1) This plaintiff's claim is that Countrywide and BoA <u>WRONGLY denied</u> me a HAMP loan and not a failure to offer one.

2) This plaintiff's claim under the FTCA was not due to the <u>failure of providing</u> a HAMP loan. It is due to the inducement of default under the disguise of requirements needed to apply for a HAMP loan.

3) Consumer protection law or consumer law is considered an area of law that regulates private law relationships between individual consumers and the businesses that sell those goods and services. Consumer protection covers a wide range of topics, including but not necessarily limited to product liability, privacy rights, unfair business practices, fraud, misrepresentation, and other consumer/business interactions. So clearly, since this plaintiff's claims are that there

are unfair business practices, fraud and misrepresentations, and that consumer protection covers these topics, then my claim under the CPA is valid.

This plaintiff's claim about being <u>wrongly denied</u> a HAMP loan is not to sue as a third-party beneficiary of the bank's [HAMP-based Servicer Participation Agreements] with the government or to sue under a HAMP claim. The claim is about <u>unfair/deceptive practices</u> regarding Countrywide/BoA in <u>wrongly denying</u> this plaintiff a HAMP loan so that they could benefit from inducing me into default and be able to foreclose. They used the HAMP program as an inducement to be behind 90 days to qualify for a better and less expensive loan, then wrongly stated that I didn't qualify and didn't offer an alternative agreement until after this plaintiff was more than 7 months behind and quite unable to cure the default on her own without having to re-modify her loan. And all the while, was "dual tracking[15]" even though this plaintiff was trying to work with them and resolve this issue. Countrywide's offer of a loan modification 9 months after they induced me into default was not an acceptable one as it only served temporary relief (in 5 years the loan would be back at the predatory levels to begin with) and the interest rate was still much too high (unlike the HAMP program). This was a general deceptive practice by Countrywide[16] and they (and the defendants) should not benefit from the fraud by being able to foreclose as they are the reason for the default, committed fraud and violated federal laws! Even the US Government/agencies knew of these fraudulent practices and addressed this issue[17].

---

[15] Dual tracking occurs when a mortgage servicer continues to foreclose on a homeowner's home while simultaneously considering the homeowner's application for a loan modification. During the mortgage crisis, it was typical for mortgage servicers to advance a foreclosure while telling the homeowner he or she was in the running for a loan modification. In most cases, the homeowner would end up with whichever one was completed first, usually a foreclosure. Because of this practice, called dual-tracking, many homeowners who were sure that a loan modification was forthcoming were shocked to ultimately lose their homes to foreclosure. Due to this practice, new rules issued by the Consumer Financial Protection Bureau (CFPB) as well as various state laws and the National Mortgage Settlement (NMS) offer protection to homeowners in this situation.
The CFPB, which was established by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, has issued new mortgage servicing rules that went into effect as of January 10, 2014 which strictly limit the ability of mortgage servicers to foreclose on a borrower while also negotiating a loan modification. (THE CFPB website also states that…mortgage servicing errors were common and egregious).

[16] See Exhibit #4

[17] See Exhibit #5

As for the defendants claim that the statute of limitations under 14 M.R.S. § 752 in regards to the robo-signing fraud has expired, that does not apply here as this issue was brought forth during the defendants' litigation of their foreclosure suit by this plaintiff. And since this suit took over 5 years to run its course and I had to wait for my robo-signing claim to be adjudicated, the earliest this plaintiff could file a civil claim raising a federal question on this issue was after the Maine Supreme Court's ruling. This plaintiff should not be punished for the fact that it took the courts 5 years to adjudicate the defendants case where this plaintiff rightly brought up this fraud, by being denied to bring a civil action against the defendants for this fraud because of the statute of limitations due to the fact that I had to wait to see what the results would be of that adjudication. And since the claim of robo-signing fraud violates the Consumer Protection Act, it raises a federal law question which invokes this courts' jurisdiction (See footnotes 1-5).

Once again, as to this plaintiff's fraud claims being stated with particularity pursuant to M.R. Civ. P. 9(b), please refer to the plaintiff's references to this mentioned above.

As to the defendants statement that "the Plaintiff's fraud claim relies on the bald assertion that Bank of America and Jorge Vargas committed fraud through robo-signing. Compl. ¶10. This claim provides no factual support. Moreover, the Plaintiff does not allege Bank of America made a misrepresentation with the *purpose* of inducing the Plaintiff to act upon it to her detriment", this is untrue. The factual issue of the robo-signing has been well documented in the states court filings filed by this plaintiff in the form of many different samples of the signatures of the various parties who signed my documents, a handwriting expert's report (which this plaintiff has now 2 other reports to add to this, one of them on Mr. Vargas' signatures), and now, through new evidence submitted in this case by Mr. Vargas himself. As previously stated above, all of the previous state court filings can be considered by this court since this plaintiff referred to them in her complaint. And to state that "the Plaintiff does not allege Bank of America made a misrepresentation with the *purpose* of inducing the Plaintiff to act upon it to her detriment", is not true. The very ACT itself of robo-signing is misrepresenting material facts that the people signing has actual first-hand knowledge of the documents, facts and signatures and that they are true, when in truth they don't, is purposely detrimental to the homeowner. It also purposely deceives not only the homeowner to believe that these signors signatures and facts are true, but also deceives the courts (as is evidence in this plaintiff's case) into believing that the documents

used by the foreclosing party are true and correct and rule in their favor because of them. So the economic detriment is quite clear (and stated in my complaint) in that the I have made mortgage payments to the defendants who don't own my loan, I've had to pay to fight a foreclosure suit that had no standing to be heard, a falsely awarded judgment in their favor of almost $200,000 and also now adding that my credit report has been ruined because of negative reporting due to their reporting of non-payments that they weren't entitled to and also because of the falsely awarded judgment in their favor. These facts clearly prove economic detriment.

The very fact that the required signatures on these documents aren't the ones of the names of the parties signing them and that they have misrepresented the fact that they have first-hand knowledge of the facts that they are signing to, is the very definition of forgery and fraud. And when these documents with these signatures are filed into the Registry of Deeds with these forgeries/frauds, then that is the very definition of Land Record Fraud. Land Record Fraud is a federal crime[18], which is within this court's jurisdiction thus is a cognizable claim.

**In the defendants' plaintiff does not have standing section** their statement "Plaintiff's assertions that Bank of America untimely transferred her loan into the trust at issue hold no legal water. Compl. ¶¶ 12, 13. Even if her allegations were true, it would be the *trust's* place, not that of a third-party borrower such as Plaintiff, to assert the trust's contract rights and (if it so desired) cancel the transfer" is untrue. This plaintiff has every right to assert that the PSA contract was not followed as it is the defendants asserting an affirmative claim of ownership. I then have a right to challenge that assertion and put the onus of proving it onto the defendant. I am not asking for ENFORCEMENT of the contract. I am challenging the defendants claim that they have followed it giving them an unbroken chain of title ownership thus violating the US Supreme Court's ruling on definition of the 3 requirements of standing if they don't. I am clearly within my right to challenge that they have not followed their contract's rules to claim ownership. In *Glaski v. Bank of America*, et al[19] it was determined that borrowers ARE

---

[18] 18 U.S. Code § 1021 - Whoever, being an officer or other person authorized by any law of the United States to record a conveyance of real property or any other instrument which by such law may be recorded, knowingly certifies falsely that such conveyance or instrument has or has not been recorded, shall be fined under this title or imprisoned not more than five years, or both.

[19] The decision in favor of the homeowner in *Glaski v. Bank of America* turned on one specific point and one alone… the specific defect alleged was that the attempts to transfer the loan into the trust were all made AFTER the

permitted to "pursue questions regarding the chain of ownership," a position the court stated was supported by Herrera v. Deutsche Bank National Trust Co., supra, 196 Cal.App.4th 1366, in which Deutsche's motion for summary judgment was denied based on the failure of Deutsche, "to establish it was the beneficiary under that deed of trust."" The court concluded that triable issues of material fact existed regarding alleged breaks in the chain of ownership of the deed of trust in question." (Id. at p. 1378.) "In view of the limiting statements included in the Gomes opinion, we do not interpret it as barring claims that challenge a foreclosure based on specific allegations that an attempt to transfer the deed of trust was void." Which this plaintiff has clearly claimed throughout the state courts hearings/trial/appeal and definitely has merit.

The defendants' statement "In the context of mortgage assignments and transfers in particular, it is the law in the First Circuit that a borrower lacks standing to challenge an assignment on grounds that would render the assignment merely voidable, as opposed to void, and that the type of challenges raised by Plaintiff here are barred" does not apply here as it is this plaintiff's claim (quite clearly) that the transfer is **void** in Compl. ¶¶ 12, 13 & 14 and not merely voidable.

In **HENDRICKS v. U.S. BANK,** Judge Brown ruled "Defendants' failure to strictly comply with the terms of the PSA means that the loan at issue was never properly transferred to the trust. Any transfer of mortgage loans, such as the defendants', was mandated to comply with New York Trust law and the terms and conditions of the PSA governing conveyance of mortgage loans into the Trust. Therefore, the purported transfers, endorsements or assignments are **void ab initio** or never properly transferred into the trust if strict adherence to them is not followed by all contract parties.

And as to the defendants' statement that "Even if her allegations were true, it would be the *trust's* place, not that of a third-party borrower such as Plaintiff, to assert the trust's contract rights and (if it so desired) cancel the transfer. It is well-established that a plaintiff that is a non-

---

closing date of the securitized trust… and therefore the transfers were void. Defendant's arguments were exceptionally lucent and linea, focusing on how the various laws and rules involved were in place to protect investors. For example, the PSA's cut-off date for transfers after the trust closes, is designed to protect investors in the trust. That protection is supported by the Internal Revenue Code, which also prohibits late transfers to a REMIC trust, and further New York State trust law also seeks to protect investors, stating that late transfers are VOID, as opposed to merely "voidable."

party to a contract has no standing to sue for violations of said contract", not only does this plaintiff have a right to bring forth the triable issues of material fact regarding alleged breaks in the chain of ownership of the deed of trust in question, but US Bank even states that this plaintiff (as the borrower) is a party to the MBS transaction[20]. This brochure makes certain incredible admissions, several of which squarely disprove and nullify the holdings of various courts around the country which have taken the position that the borrower "is not a party to" the securitization and is thus not entitled to discovery or challenges to the mortgage loan transfer process. Also, in a letter from US Bank[21] they state that "Your account is governed by your loan documents and the Trust's governing documents", which admission clearly demonstrates that the borrower's loan is directly related to documents governing whatever securitized mortgage loan trust the loan has allegedly been transferred to. This brochure and letter proves that Courts which have held to the contrary are wrong on the facts to include the Maine state courts rulings of the defendants foreclosure case against this plaintiff due to the fact their rulings were based on the fact that I couldn't challenge the Prospectus and Supplement Agreement. Also, it is not just the trust that can cancel the transfer. If NY state trust laws, the PSA and or REMIC tax laws are violate, state and federal laws dictate that the transfers are void, thus cancelling the transfers as never had been made in the first place. This brochure also states that U.S. Bank, as Trustee, "does not have any discretion or authority in the foreclosure process." If this is true, how can U.S. Bank as Trustee be the Plaintiff in judicial foreclosures or the foreclosing party in non-judicial foreclosures if it has "no authority in the foreclosure process"? This statement is also backed up in their letter in paragraph 2. The pamphlet on page two even states that the beneficial owners of the trust are the investors, not the trust, not the trustee nor any banks, but the investors. This is yet another admission by US Bank that state contrary to what they have filed in court that they own my documents.

The fact is that this plaintiff can challenge it for all the above reasons. And that challenge goes straight to the heart of the defendants' claims that they own the loan documents and had standing, by showing that the loan documents were never properly transferred to the trust due to non-compliance to the Prospectus and Supplement Agreement to effectuate the transfer and thus

---

[20] See plaintiff's Exhibit #6 - Page 1 under Distinct Party Roles - Parties involved in a MBS transaction include the borrower, Page 4 under "Parties to a Mortgage Backed Securities Transaction" - Borrower
[21] See plaintiff's Exhibit #7

give ownership. I was denied this right (by the state courts) to challenge through the willful, knowing, intentional deceit by US Bank's assertions in court filed paperwork and statements during the foreclosure case (and now also in this court) stating I couldn't challenge it which amounts to fraud upon the courts as well as this plaintiff. Just because the state courts may have turned a blind eye to justice, constitutional and federal laws violations and fraud with their rulings, doesn't mean that this plaintiff can't now bring it forth to the proper venue to prove that they did this (See footnote #5 and here[22]). And the very fact is that not only did the defendants committed fraud, but the courts sanctioned it (either by design or unintentionally does not matter as the end results are the same), thus becoming a party to that fraud. And the defendants are trying their best to continue covering up this fraud by lying once again and hoping that this honorable court, like the Maine State Courts did before, will also turn a blind eye to justice. In re: **Ferrel L. Agard**, Debtor, Chapter 7 United States Bankruptcy Court, Eastern District of New York Judge Robert E. Grossman opined[23]: "MERS and its partners made the decision to create and operate under a business model that was designed in large part to avoid the requirements of the traditional mortgage recording process. This Court does not accept the argument that because MERS may be involved with 50% of all residential mortgages in the country, that is reason enough for this Court to turn a blind eye to the fact that this process does not comply with the law." It's high time that the rest of this country's courts also see the MERS charade, not turn a blind eye to the fact that MERS and the banks shenanigans do not comply with the very laws set up to protect homeowners from unlawful and illegal foreclosure practices and property law violations, use this very same rationale about a MERS assignment from Judge Grossman's opinion (because who knows NY State Trust Laws [which the trust fund that my loan was allegedly transferred to was contracted under] better than a NY judge?) and hold them accountable for it.

## CONCLUSION

In the case of **Ferrel**, **res judicata** did apply. The difference here is that this plaintiff is not declaring relief before a bankruptcy court but is declaring constitutional and federal law

---

[22] 42 U.S. Code § 1985 (3)- Conspiracy to interfere with civil rights

[23] See Exhibit #8

questions and violations during the prior foreclosure litigation in the state courts of which this court has jurisdiction to address and is the proper venue for these questions to be addressed. The opinions/facts brought up in the defendants' motion to dismiss are matters for a jury to decide. This plaintiff has given this court more than enough reasons/evidence to show that the defendants cannot and do not establish <u>beyond any doubt that this plaintiff could prove no set of facts whatever in support of my claim.</u> For this and all the reasons discussed above and in this plaintiff's answer to DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, JAN ESTEP, AND MERS' MOTION TO DISMISS THE AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW which is attached hereto and incorporated herein through reference, this court as a matter of law and justice must deny the defendants' motion to dismiss and schedule this plaintiff's complaint for trial by jury.

Also, and a true responsive pleading where each complaint should be answered pursuant to F.R.O.P. Rule 8(b)(1)(a)(b) by these defendants should be ordered if this plaintiff's <u>Motion To Find The Defendants Motion To Dismiss Is Not A Responsive Pleading To This Plaintiff's Complaint And To Find Defendants In Default In Answering The Complaint</u> filed on May 16, 2014 is denied.

Date – May 27, 2014                                    Respectfully submitted,

                                                       _____
                                                       /s/ Debra J. Reagan
                                                       11 Bennett St.
                                                       Sanford, ME 04073
                                                       (207) 289-5156

## CERTIFICATE OF SERVICE

I hereby certify that, on the date specified below, I caused the foregoing document to be filed through the Court's ECF system via the Clerk of Court of the US District Court of Maine in Portland, Maine of which
**1)** Mark Porada, Esq. of Pierce Atwood LLP
 Merrill's Wharf 254 Commercial Street
Portland, ME 04101
 tele: 207-791-1108 and e-mail: mporada@pierceatwood.com and
**2)** Margaret Ciavarella, Esq of Winston and Strawn, LLP
 200 Park Avenue
 New York, NY 10166
 tele: 212-294-4656 and e-mail: mciavarella@winston.com and
**3)** Rufus E. Brown, Brown & Burke
152 Spring Street, P.O. Box 7530
Portland, ME 04112-7530
 tele: (207) 775-0265, and email: rbrown@brownburkelaw.com
 are registered and able to receive a copy of this motion through this system.

     Date – May 27, 2014                          Respectfully submitted,

                                                   _____
                                                   /s/ Debra J. Reagan
                                                   11 Bennett St.
                                                   Sanford, ME 04073
                                                   (207) 289-5156